UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | COLLIER/CARTER |
| | ) | |
| v. | ) | CASE NO. 1:09-CR-181 |
| | ) | |
| WENDY PATTERSON | ) | |

REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on April 29, 2010.

At the hearing, defendant entered a plea of guilty to Count One of the Indictment in exchange for

the undertakings made by the government in the written plea agreement.  On the basis of the

record made at the hearing, I find that the defendant is fully capable and competent to enter an

informed plea; that the plea is made knowingly and with full understanding of each of the rights

waived by defendant; that it is made voluntarily and free from any force, threats, or promises,

apart from the promises in the plea agreement; that the defendant understands the nature of the

charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count One of the Indictment be

accepted, that the Court adjudicate defendant guilty of the charges set forth in Count One of the

Indictment, and that the written plea agreement be accepted at the time of sentencing.  I further

recommend that defendant remain in custody until sentencing in this matter.  Acceptance of the

plea, adjudication of guilt, acceptance of the plea agreement, and imposition of sentence are

specifically reserved for the district judge.

The defendant's sentencing date is scheduled for **Thursday, August 19, 2010, at 2:00 pm.**

Dated: April 29, 2010                    *s/William B. Mitchell Carter*
                                         UNITED STATES MAGISTRATE JUDGE


<u>NOTICE TO PARTIES</u>

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than fourteen days after the plea hearing. Failure to file objections within fourteen days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. §636(b).